IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SARAH MARIE CHERMAK                                              PLAINTIFF

    v.                                 Civil No. 14-3072

CHRISTOPHER CARTER, Boone County
Deputy Prosecuting Attorney; RON KINCADE,
Boone County Prosecuting Attorney; DUSTIN
McDANIEL, Arkansas Attorney General; and
JOHN THURSTON, Commissioner of
State Lands                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, who proceeds *pro se* and *in forma pauperis* (IFP), filed this action under the general federal question jurisdiction statute, 28 U.S.C. § 1331.  The case is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).  This section places an obligation on the Court to screen any complaint in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).  Also before the Court are two motions for summary judgment filed by the Plaintiff (Docs. 17 & 22).[1]  Defendants have responded to the motions and they are ready for decision.

### 1. Background

### (A). The Complaint

Plaintiff maintains the Defendants have converted her lawful title to property.  Complaint at pg. 3 (Doc. 1).[2]  She names as Defendants Christopher Carter, a Boone County Deputy Prosecuting Attorney; Ron Kincade, the Boone County Prosecuting Attorney; Dustin McDaniel, the Arkansas Attorney General; and John Thurston, the Commissioner of State Lands.

---

[1] Plaintiff's first motion for summary judgment (Doc. 3) filed with the complaint was denied as premature (Doc. 7).

[2] Plaintiff refers to documents dated December 28, 2009, January 8, 2010, January 27, 2010, February 8, 2010, November 14, 2010, June 22, 2011, August 21, 2012, August 27, 2012, March 8, 2013, July 24, 2013, July 28, 2013, May 27, 2014, and June 19, 2014.  These documents are not attached to the complaint or to the summary judgment motions.

Plaintiff alleges she has been forced by Defendants "to relinquish [her] rights to [her] private property where they have no authority to do so as evidenced by their actions in refusing to bring any claim against [her] in a court of law."  Complaint at pg. 3.  She maintains that the redress of wrongs provision of the Arkansas Constitution, Ark. Const. of 1874, art. 2, § 13, gives her the right to seek redress in this case.  Id.  This provision provides: "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws."  Ark. Const. of 1874, art. 2, § 13.

Plaintiff maintains that § 28 of the Arkansas Constitution gives her the "right to an Allodial Title, a Perfect Title, a Record of Clear Title if I so choose."  Complaint at pg. 4.  She alleges that if "Fee Simple Title was the equivalent of an Allodial Title, there would be no problem with me having said Allodial Title or Record of Clear Title, or Perfect Title as any title of my choosing does not hurt the county or state."  Complaint at pg. 5.  In support, she indicates Alix Stephens, an Arkansas Legislative Attorney, stated that Arkansas law does not "expressly forbid an Absolute Title to private property."  Id.  Plaintiff asserts that Kincade, Carter, and McDaniel converted her Allodial title to that of fee simple.  Id.

Section 28 of Article 2 provides as follows: "All lands in this State are declared to be allodial; and feudal tenures of every description, with all their incidents, are prohibited."  Ark. Const. of 1874, art. 2, § 28.  Plaintiff also relies on Section 29 of Article 2 which provides as follows:

> This enumeration of rights shall not be construed to deny or disparage others retained by the people; and to guard against any encroachments on the rights herein retained, or any transgression of any of the higher powers herein delegated, we declare that everything in this article is excepted out of the general powers of the government; and shall forever remain inviolate; and that all laws contrary thereto, or to the other provisions herein contained, shall be void.

–2–

Ark. Const. of 1874, art. 2, § 29.

Plaintiff maintains that without a judicial decree, Carter told Lavonne McCullough, the Boone County Tax Collector, to put Plaintiff's property back into the previous owner's name.  Complaint at pgs. 9-10.  Plaintiff alleges that McCullough put the title back into Bill Ashlock's name.  Id. at pg. 10.  Plaintiff asserts that now Ashlock has "the property and the money" and "is not legally obligated to pay anything to" the Plaintiff.  Id.  She maintains this action violates Section 22 of Article 2 of the Arkansas Constitution.  This section provides that "[t]he right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."  Ark. Const. of 1874, art. 2, § 22.  She also contends this action violated her Due Process rights under the Constitution of the United States.  Complaint at pgs. 11-14.

Plaintiff asserts that she had a lawful contract with Ashlock.  Complaint at pg. 11.  She indicates she submitted complaints to McDaniel's office and received no response.  Id.

As relief, Plaintiff seeks monetary damages in the amount of $500,000 per office per count and $3,000,000.00 per count.  Complaint at pg. 15.  She indicates she will accept $18,000,000 plus any other compensation the Court deems equitable.  Id.

Separate Defendant John Thurston, Commissioner of State Lands, attached to his answer a petition to redeem filed with his office by Bill Ashlock on April 25, 2014.  Answer (Doc. 14) at pg. 4.  The property was listed as having been forfeited on February 2, 2009.  Id.  The document indicates that taxes in the amount of $2,898.82 were owed on the described property from the year

2009 to the year 2012.  Id.  The taxes were paid in full and a redemption deed was issued to Ashlock on May 16, 2014.  Id. at pg. 5.[3]

**(B).  The First Motion for Summary Judgment** (Doc. 17)

In this motion, Plaintiff maintains she is entitled to summary judgment in her favor because the answer filed by the Defendants "does not present any substantial facts that would alter the outcome of this claim in their favor."  As there is no genuine dispute as to any material fact, Plaintiff maintains she is entitled to judgment as a matter of law.   The motion is not accompanied by a brief or a statement of material facts as to which the moving party contends there is no genuine dispute to be tried as required by Rules 7.2 and 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas.

Defendants maintain that Plaintiff's motion is not properly supported.  They argue that Plaintiff's unsupported filing simply does not enable the Court to rule against them as a matter of law, especially when viewing the limited record in a light most favorable to them as the non-movants. They also point out that they asserted in their answer that Plaintiff had failed to state a claim and that they were entitled to qualified immunity and/or sovereign immunity.[4]

**(C).  The Second Motion for Summary Judgment** (Doc. 22)

In this motion, Plaintiff states the Defendants signed documents[5] that are public record and converted her lawful title to property into the previous owner's name for their own personal agenda. Defendants assert that this motion adds nothing of substance to the prior motions.  They also note

---

[3] The address listed on the deed for Ashlock is 18360 North Hwy. 281, Lead Hill, AR 72644.  This same address is listed on the docket sheet as Plaintiff's address.

[4] Defendant Thurston filed a combined answer and motion to dismiss.  The motion to dismiss will not be considered since it is not set forth in a separate pleading or accompanied by a brief as is required by Rule 7.2 of the Local Rules for the Eastern and Western Districts of Arkansas.

[5] As previously noted, the documents mentioned were not submitted with the complaint or summary judgment motions.

– 4 –

that the parties have not even exchanged initial disclosures.  Defendants ask that the Court decline to consider any more dispositive motions until after admissible evidence is exchanged through discovery.

## 2.  Discussion

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B).  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction.  See e.g., Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only exercise jurisdiction over cases in which complete diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law or treaties.  See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp., 225 F.3d 942, 945 (8th Cir. 2000).  "The

requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)(quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) (alteration in original)).  If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*.  Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006).

In this case, the parties are not diverse--all are citizens of the State of Arkansas.  Instead, Plaintiff contends the Court has jurisdiction under 28 U.S.C. § 1331 because of the presence of a federal question.  Section 1331 is the general grant of federal question jurisdiction to the district courts for actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; Oglala Sioux Tribe v. C & W Enterprises, Inc., 487 F.3d 1129, 1130 (8th Cir. 2007).  The Supreme Court has said this statute gives "the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 25 (1983); see also Oglala, 487 F.3d at 1131.

While the complaint is less than clear in a number of respects, *e.g.,* the date and manner in which Plaintiff acquired an interest in the property, it is beyond dispute that Plaintiff maintains the Defendants wrongfully converted her title by placing the property in Ashlock's name.  She alleges that Ashlock was the prior owner of the property.  She maintains Defendants' conduct violated multiple provisions of the Arkansas Constitution and of Arkansas statutory law.  She also alleges that the Defendants' conduct violated her right to Due Process under the Fourteenth Amendment of the United States Constitution.

"In order to make out a due process violation, a party must demonstrate a protected liberty or property interest." Nunez-Portillo v. Holder, 763 F.3d 974, 977 (2014)(internal quotation marks and citation omitted). Here, the Plaintiff alleges she had a property interest in the Lead Hill property. However, the existence of the property interest is insufficient to state a procedural due process claim. "The Supreme Court has held that a procedural due process claim lacks merit where there exists an adequate state court remedy." Zakrzewski v. Fox, 87 F.3d 1011, 1014 (1996)(citing Parratt v. Taylor, 451 U.S. 527 (1981)).

Here, Plaintiff makes no allegation that the notice of the delinquent taxes and of the tax sale was insufficient under either the applicable Arkansas statutory law, Ark. Code Ann. § 26-37-301 (Repl. 2011), or the Due Process Clause of the United States Constitution. See e.g., Esterosto, LLC v. Kinsey, 2010 Ark. App. 429 (2010)(notice to redeem and notice of the tax sale complied with the statutory notice requirements and the dictates of Due Process). In Arkansas, a quiet title action may be brought to confirm title to real property. Ark. Code Ann. §§ 18-60-501 et seq.; see e.g., Koonce v. Mitchell, 341 Ark. 716, 719 (2000); Ingram v. Luther, 244 Ark. 260, 281 (1968). Plaintiff does not allege that a quiet title action would be inadequate. Furthermore, quieting title "is not a matter for the federal courts because it does not implicate federal law." Castello v. Bascos, 2013 WL 393040, 2 (E.D. La. Jan. 30, 2013); see also Anderson-Tully Co. v. McDaniel, 571 F.3d 760, 761 (2009)("Plaintiff's suit is the functional equivalent of a quiet title action which raises an issue that implicates special sovereignty interests. . . . An Arkansas state court should determine who owns the property")(internal quotation marks and citations omitted)).

Assuming Plaintiff bought the property pursuant to the terms of a contract or was given a deed, she would also have a breach of contract cause of action. See e.g., Lawrence v. Barnes, 374 S.W.3d

224, 232 (Ark. App. 2010)(deeds are contracts).  Additionally, Arkansas recognizes a cause of action for conversion.  <u>Jackson v. Smith</u>, 380 S.W.3d 443, 450 (Ark. App. 2010)("Conversion is a common-law tort action for the wrongful possession or disposition of another's property").  Plaintiff has adequate state law remedies.  As a matter of law, her due process claim is without merit.

Nor does the Court have jurisdiction based on Plaintiff's assertion that she held allodial title or absolute ownership of the property in question.  It has been noted that "[c]laims involving allodial title or land patents have been advanced by property owners who believe that they can use these devices to prevent foreclosure," the taking of property by eminent domain, or the acquiring of property by tax sale deeds.  <u>Flores v. Wells Fargo Bank, N.A.</u>, 2013 WL 1192767 (E.D. Wis. March 22, 2013)(<u>citing Wisconsin v. Glick</u>, 782 F.2d 670, 671-72 (7th Cir. 1986)).  These claims have been rejected as frivolous.[6]  <u>Id.; see also United States v. Manke</u>, 2012 WL 1898757, 6 (W.D. Mo. May 23, 2012)("The concept of allodial title to land is an archaic concept not recognized in modern United States law for property ownership by individuals")(citations omitted).

Finally, the claims for damages against McDaniel and Thurston in their official capacities are barred by the Eleventh Amendment.  A claim against a government employee in his official capacity is the equivalent of a suit against the government agency he is employed by.  <u>See e.g., B.A.B., Jr. v. Board of Educ. of City of St. Louis</u>, 698 F.3d 1037, 1041 (8th Cir. 2012).  Thus, the claims asserted against McDaniel and Thurston are the equivalent of suits against the State of Arkansas.  Under the Eleventh Amendment to the United States Constitution, a state may not be sued in federal court

---

[6]There is a website that indicates that the highest form of title can be obtained through the land patent process and property taxes eliminated.  <u>www.landpatent.us</u> (visited October 21, 2014).

without its consent.  Hans v. State of Louisiana, 134 U.S. 1 (1890); see also Anderson-Tully, 571 F.3d at 761.

### 3.  Conclusion

I recommend that Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment be dismissed for failure to state a claim and/or because the claims are asserted against individuals immune from suit.  This moots the two pending summary judgment motions (Docs. 17 & 22) as to the Due Process claim.  This leaves only the state law claims over which this Court has supplemental jurisdiction, 28 U.S.C. § 1367.  However, I recommend that the Court decline to exercise supplemental jurisdiction over the state law claims.  This case should be dismissed without prejudice so that Plaintiff may submit these claims to state court.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2014.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE