IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SARAH MARIE CHERMAK                                            PLAINTIFF

v.                              Case No. 3:14-CV-03072

CHRISTOPHER CARTER, Boone County
Prosecuting Attorney; RON KINCADE, Boone
County Prosecuting Attorney; DUSTIN MCDANIEL,
Arkansas Attorney General; and JOHN THURSTON,
Commissioner of State Lands                                    DEFENDANTS

## ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 35) of the Honorable Erin L. Setser, Magistrate Judge for the Western District of Arkansas. On July 14, 2014, Judge Setser granted *pro se* Plaintiff Sarah Marie Chermak leave to proceed *in forma pauperis*. (Doc. 5). Pursuant to 28 U.S.C. §1915(e)(2)(B), Judge Setser then screened the Complaint in order to determine whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The recommendation resulting from that screening is now ripe for consideration.

Chermak contends that Defendants, who are all employees or officers of the State of Arkansas, wrongfully converted her lawful title to real property by placing the property in the name of another person. She maintains that Defendants' conduct violated the Arkansas Constitution, Arkansas statutory law, and her right to due process pursuant to the Fourteenth Amendment of the United States Constitution. As Chermak and Defendants are non-diverse citizens of Arkansas, the sole basis for federal jurisdiction is the presence of a federal question—her due process claim. *See* 28 U.S.C. § 1331.

Chermak filed objections to the R&R (Docs. 36, 37), followed by a document entitled "Waiver of Immunity Denied" (Doc. 38), and four documents entitled "Notice" (Docs. 40-43), all of which the Court has construed as additional objections to the R&R.  In light of Chermak's objections, the Court conducted a *de novo* review of the record.  28 U.S.C. § 636(b)(1)(C).  After careful consideration, the R&R is **ADOPTED**.

All four Defendants have been sued in both their official and individual capacities. Plaintiff's Fourteenth Amendment claim appears to have been brought pursuant to 42 U.S.C. § 1983, which provides a mechanism for filing a civil lawsuit against state actors who, under color of law, cause the deprivation of a citizen's constitutional rights, privileges, or immunities.  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989).  "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially for the recovery of money from the state." *Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996) (internal quotation and citation omitted).  In some cases, official-capacity claims for non-monetary, equitable relief against state officials may be cognizable.  *See Ex parte Young*, 209 U.S. 123 (1907).  However, in the case at bar, Chermak requests only monetary relief.  *See* Doc. 1, pp. 14-15.

The Magistrate recommends that Chermak's Fourteenth Amendment claim pursuant to § 1983 be dismissed against Defendants McDaniel and Thurston due to Eleventh

Amendment immunity.  Chermak objects and states, "Defendants do not have immunity. Fraud has removed all immunities.  This Court may not give to the Defendants that which they are not entitled." (Doc. 36, p. 5).

The Court agrees with the Magistrate that McDaniel and Thurston are entitled to immunity as to Plaintiff's official-capacity § 1983 claim.  The Court also finds that Defendants Carter and Kincade are entitled to the same immunity.  "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself." *Hadley v. N. Ark. Comm. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quotation and citation omitted). Although Chermak maintains in her objection that "[t]he State of Arkansas has agreed to be sued in federal court" (Doc. 36, p. 35), all Defendants pleaded sovereign immunity as an affirmative defense in their Answers, and that immunity was never waived. *See* Doc. 13, p. 4; Doc. 14, p. 2.

As for Defendants' liability on the § 1983 individual-capacity claims, the Court agrees with the Magistrate that Chermak has failed to state a claim for a violation of her due process rights.  Chermak states in her objection to the R&R, "I do not understand the court's perspective of 'failure to state a claim.'  As I understand the law and procedure, theft by use of Constitutional created offices in repulsion to the Constitution is the foundation to state my claim.  It's called Conversion." (Doc. 36, p. 8).  The Court finds that the R&R clearly and correctly explains why Chermak's procedural due process claim lacks merit, as there exists an adequate remedy in state court to address her allegations regarding Defendants' wrongful conversion of her title to real property.  The Eighth Circuit

-3-

explained in *Zakrzewski v. Fox* that alleged property or liberty deprivations are only cognizable under § 1983 if state courts do not provide adequate mechanisms for post-deprivation review and redress.  87 F.3d 1011, 1014 (8th Cir. 1996).  Even when the Court construes the Complaint's allegations in the light most favorable to Chermak, it appears that adequate state-court remedies exist for her to attempt to quiet title to her land or, alternatively, bring a breach of contract action against the relevant parties in state court.  As the Magistrate observed, Chermak does not allege that the State's notice of delinquent taxes and tax sale of her property failed to comply with the statutory notice requirements.

Chermak also states multiple times in her objections that she believes this Court and the Magistrate are biased against her.  She claims that "[t]his Court and its people appear to be acting in conspiracy with Defendants and their Attorneys to deprive me of my rights and property." (Doc. 36, p. 5).  All such allegations are baseless.  Furthermore, the Court's decision today does not deprive Chermak of the opportunity to file her claims in state court, nor does it prevent Chermak from re-filing her individual-capacity § 1983 claims in the future if she can demonstrate that no adequate state remedy exists.

Considering the dismissal of the due process claim, there is no remaining basis for the Court to exert federal subject-matter jurisdiction in this matter.  The Court declines to exert supplemental jurisdiction over Chermak's state-law claims, and those are accordingly dismissed without prejudice to her ability to re-file them in state court.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 35) is **ADOPTED IN ITS ENTIRETY**.  The Court **ORDERS** that Plaintiff's federal constitutional claims against all Defendants in their official capacities are **DISMISSED WITH**

**PREJUDICE**; Plaintiff's federal constitutional claims against all Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE**; and Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

As a result of these rulings, Plaintiff's Motion for Summary Judgment (Doc. 22) and Motion for Hearing (Doc. 39) are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 2nd day of December, 2014.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE